# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BEVERLY ANN DUNCAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1661 |
| | § | |
| OXY SERVICES, INC. and | § | |
| OCCIDENTAL PETROLEUM CORP., | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This Employee Retirement Income Security Act ("ERISA") case is before the Court on the Motion for Summary Judgment [Doc. # 24] filed by Intervenor Tamara Duncan. Plaintiff Beverly Ann Duncan filed her Response [Doc. # 28], and Tamara Duncan filed a Reply [Doc. # 29]. Based on the Court's review of the full record in this case, and the application of relevant legal authorities, the Court concludes that Tamara Duncan's Motion for Summary Judgment should be **granted**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The material facts in this case are uncontroverted. Intervenor Tamara Duncan married Roland Duncan on April 16, 1984. Roland Duncan and Tamara Duncan separated, during which time Beverly Ann Duncan participated in a marriage ceremony

to Roland Duncan. Roland Duncan's marriage to Tamara Duncan was not legally terminated prior to his alleged marriage to Beverly Ann Duncan in December 1992.

Roland Duncan was a participant in an ERISA plan through Occidental Petroleum Corporation. In connection with his participation in the ERISA plan, Roland Duncan designated Beverly Ann Duncan as his beneficiary. Roland Duncan died on May 17, 2004.

Beverly Ann Duncan filed this lawsuit in state court to obtain Roland Duncan's ERISA benefits. Defendants removed the case to federal court, and Tamara Duncan intervened. Defendants Occidental Petroleum Corporation and OXY Services, Inc. were permitted to interplead the ERISA benefits into the Court's Registry and have been dismissed with prejudice from the case. *See* Order Allowing Interpleader [Doc. # 26].

Following discovery, Tamara Duncan filed her Motion for Summary Judgment, which is now ripe for decision.

II.   **ANALYSIS**

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The

moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. Rule 56(e). The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Doe v. Dallas Independent School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Further, "unsworn pleadings do not constitute proper summary judgment evidence." *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (quoting *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994)). Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir.), *cert. denied*, 537 U.S. 824 (2002) (quoting *Celotex*, 477 U.S. at 322).

It is undisputed that the benefits at issue are those of an ERISA-governed plan. Each ERISA-governed plan is required to provide a "qualified preretirement survivor

annuity" to the surviving spouse of a participant whose plan benefits have vested but who dies before the starting date of the plan annuity. *See* 29 U.S.C. § 1055(a)(2). Although the surviving spouse's entitlement to the survivor annuity benefits can be waived, ERISA further provides that a participant's waiver of benefits shall not take effect unless:

> (i) the spouse of the participant consents in writing to such election, (ii) such election designates a beneficiary (or a form of benefits) which may not be changed without spousal consent (or the consent of the spouse expressly permits designations by the participant without any requirement of further consent by the spouse), and (iii) the spouse's consent acknowledges the effect of such election and is witnessed by a plan representative or a notary public.

29 U.S.C. § 1055(c)(2)(A). "The spousal rights conferred by § 1055(a) were intended to ensure a stream of income to surviving spouses, and the formalities required in § 1055(c) are included to protect against the risks of a spouse's unwitting waiver of those rights." *Hagwood v. Newton*, 282 F.3d 285, 290 (4th Cir. 2002) (internal quotations and citations omitted). Therefore, the procedural requirements for a valid waiver under § 1055(c) must be strictly enforced. *Id.*

In this case, it is undisputed that Tamara Duncan did not execute a valid spousal waiver under § 1055(c). Instead, the dispute is whether Tamara Duncan or Beverly Ann Duncan was Roland Duncan's surviving spouse at the time of his death in May 2004.

Tamara Duncan has presented uncontroverted evidence that she and Roland Duncan were married in April 1984. Tamara Duncan has also submitted her affidavit stating under oath that she and Roland Duncan were never divorced. *See* Affidavit of Tamara Duncan, Exh. B to Motion for Summary Judgment.

Beverly Ann Duncan has submitted a copy of a Marriage License dated December 7, 1992 indicating that she and Roland Duncan were married. *See* Marriage License, Exh. 3 to Response. She has also submitted a copy of a "Third Amended Petition for Divorce" in which Roland Duncan sought to obtain a divorce from Beverly Ann Duncan. *See* Petition for Divorce, Exh. 1 to Response. In his Last Will and Testament, Roland Duncan identifies Beverly Duncan as his wife. *See* Last Will and Testament of Roland Keith Duncan, Exh. 2 to Response.

Under the Texas Family Code, the most recent marriage is presumed to be valid until the person asserting the existence of a prior marriage proves its validity. TEX. FAM. CODE § 1.102. If the validity of the prior marriage is proven, however, the subsequent marriage is void if entered into when either party had an existing marriage that had not been dissolved by legal action or terminated by the death of the other spouse. TEX. FAM. CODE § 6.202(a).

In this case, Tamara Duncan has submitted a copy of her marriage license certifying her marriage by a Leon County, Texas Justice of the Peace to Roland Duncan

on April 16, 1984.  *See* Marriage License, Exh. A to Motion for Summary Judgment. Tamara Duncan has also submitted her own sworn affidavit that she married Roland Duncan in April 1984 and that they were never divorced.  Beverly Ann Duncan has presented no evidence contradicting the evidence presented by Tamara Duncan. Beverly Ann Duncan's evidence does not show that Tamara Duncan and Roland Duncan never married, or that their marriage was dissolved by legal action prior to Roland Duncan's death.  Instead, Beverly Ann Duncan's evidence shows only that Roland Duncan purported to marry her in December 1992.  The uncontroverted evidence establishes, however, that Roland Duncan was still married to Tamara Duncan in December 1992.  As a result, the attempted marriage between Roland Duncan and Beverly Ann Duncan was void pursuant to § 6.202(a) of the Texas Family Code.

Beverly Ann Duncan has failed to present evidence that raises a genuine issue of material fact regarding her claim that she, not Tamara Duncan, is the surviving spouse of Roland Duncan.  As Roland Duncan's surviving spouse, and absent a valid spousal waiver pursuant to § 1055(c), Tamara Duncan is entitled to the ERISA benefits at issue in this case and her Motion for Summary Judgment should be granted.

### III.   CONCLUSION AND ORDER

Tamara Duncan married Roland Duncan in April 1984 and the marriage was not legally terminated prior to Roland Duncan's death in May 2004. Therefore, any purported marriage between Roland Duncan and Beverly Ann Duncan was invalid. As Roland Duncan's surviving spouse, Tamara Duncan is entitled to surviving spouse ERISA benefits unless she executed a valid waiver that complied with 28 U.S.C. § 1055(c)(2)(A). There is no evidence of such a waiver and, therefore, it is hereby

**ORDERED** that Tamara Duncan's Motion for Summary Judgment [Doc. # 24] is **GRANTED**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **7th** day of **October, 2005.**

_____
Nancy F. Atlas
United States District Judge