# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BEVERLY ANN DUNCAN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1661 |
| | § | |
| OXY SERVICES, INC. and | § | |
| OCCIDENTAL PETROLEUM CORP., | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This Employee Retirement Income Security Act ("ERISA") case is before the Court on the Motion for New Trial [Doc. # 38] filed by Plaintiff Beverly Ann Duncan, to which Intervenor Tamara Duncan filed a response in opposition [Doc. # 41]. The Court has reviewed the full record in this case, as well as the governing legal authorities. Based on this review, the Court concludes that Plaintiff's Motion for New Trial should be **denied**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The facts in this case were set forth fully in the Court's October 11, 2005 Memorandum and Order granting Tamara Duncan's Motion for Summary Judgment ("October 11 Opinion") [Doc. # 30]. Briefly, Tamara Duncan married Roland Duncan

on April 16, 1984. They later separated, during which time Plaintiff participated in a marriage ceremony to Roland Duncan.

Roland Duncan was a participant in an ERISA plan through Occidental Petroleum Corporation. In connection with his participation in the ERISA plan, Roland Duncan designated Plaintiff as his beneficiary. Roland Duncan died on May 17, 2004.

Because the uncontroverted evidence before the Court established that Roland Duncan's marriage to Tamara Duncan was not legally terminated prior to his alleged marriage to Plaintiff in December 1992, the Court granted Tamara Duncan's Motion for Summary Judgment and held that Tamara Duncan was entitled to the ERISA funds at issue.

On October 26, 2005, Plaintiff filed a Motion for New Trial. The Motion has been fully briefed and is ripe for decision.

## II.   ANALYSIS

Plaintiff's Motion for New Trial does not cite the legal authority upon which the motion is based. A Motion for New Trial pursuant to Rule 59 must be filed "no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(b); 59(e). Because the current motion was filed more than ten business days after the Final Judgment was entered, it will be treated as a Motion for Relief From Judgment under Rule 60(b). *See*

*Dial One of the Mid-South, Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 606 (5th Cir. 2005).

Rule 60(b) lists a number of reasons for a court to relieve a party from a final judgment. FED. R. CIV. P. 60(b)(1)-(6). Plaintiff does not identify any legal basis, from Rule 60(b) of otherwise, for her motion for new trial. Instead, Plaintiff presents additional evidence in support of her opposition to Tamara Duncan's Motion for Summary Judgment and asserts that she had "inadequate time for discovery." *See* Motion for New Trial, ¶ 4.07.

Initially, the Court notes that Plaintiff responded fully to the Motion for Summary Judgment. *See* Plaintiff's Response to Motion for Summary Judgment [Doc. # 28]. At no point in her Response did Plaintiff seek relief under Rule 56(f) or otherwise claim that she needed additional time for discovery. "A Rule 56(f) motion, not one for reconsideration, is the proper remedy for a party claiming summary judgment is inappropriate because of inadequate discovery." *Fanning v. Metropolitan Transit Auth.*, 141 Fed. Appx. 311, 315 (5th Cir. July 28, 2005) (citing *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 719-20 (5th Cir. 1999)). Having failed to request additional time to complete discovery, Plaintiff cannot now complain that she had inadequate time for discovery.

Plaintiff attaches evidence to her Motion for New Trial that was not submitted in opposition to Tamara Duncan's Motion for Summary Judgment. "Under Rule 60(b)(2), '[t]o succeed on a motion for relief from judgment based on newly discovered evidence, [Fifth Circuit] law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)). Plaintiff does not allege that the evidence attached to her Motion for New Trial was not in her possession at the time she responded to the Motion for Summary Judgment, and Tamara Duncan in her Response asserts that Plaintiff possessed the subject evidence "since the voluntary disclosure of documents." *See* Response, ¶ 9. Because there is no indication that the evidence attached to the Motion for New Trial is "newly discovered," Plaintiff is not entitled to relief under Rule 60(b)(2).[1]

---

[1] One piece of evidence presented for the first time in Plaintiff's Motion for New Trial is a 1988 Decree of Divorce granting a divorce to Roland Keith Duncan and an individual unrelated to this case. The divorce decree was issued without any appearance by Roland Keith Duncan, and there is no evidence in the record of a legal marriage between him and the unrelated third party. The other piece of evidence first presented in the current motion is a "Uniform Interstate Family Support Act Petition" filed by Tamara Duncan in 1995 against Roland Keith Duncan seeking support for their minor daughter. The Petition consistently identifies the parties' marital status as "separated" rather than "divorced." Consequently, even were the Court to consider this evidence, it would not change the ruling in this case.

Rule 60(b)(6) permits relief "for any other reason justifying relief from the operation of the judgment." FED R. CIV. P. 60(b)(6); *Hesling*, 396 F.3d at 639. Rule 60(b)(6) is "a residual or catchall provision . . . to accomplish justice under exceptional circumstances." *Edwin H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). Rule 60(b)(6) relief should be granted only where extraordinary circumstances are present. *See Ackerman v. United States*, 340 U.S. 193, 201 (1950); Hesling, 396 F.3d at 642.

Plaintiff has not presented exceptional circumstances which would support relief under Rule 60(b)(6). It appears from the Motion for New Trial that Plaintiff simply filed an inadequate response to Tamara Duncan's Motion for Summary Judgment and, having received an unfavorable ruling, now seeks to submit additional evidence which she elected not to present earlier. Rule 60(b)(6) is not a basis for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *See, e.g., Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simmons v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

### III.    CONCLUSION AND ORDER

Plaintiff has failed to present a basis for Rule 60(b) relief from the October 11 Opinion granting summary judgment in favor of Tamara Duncan. Accordingly, it is hereby

**ORDERED** that Beverly Ann Duncan's Motion for New Trial [Doc. #38] is **DENIED**.

SIGNED at Houston, Texas, this **2nd** day of **December, 2005.**

_____
Nancy F. Atlas
United States District Judge