IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

DEC 2 7 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| BEVERLY ANN DUNCAN,  §<br>        Plaintiff,      §<br>and                            §<br>                                   §<br>TAMARA DUNCAN,     §<br>        Intervenor,     §<br>                                   §<br>v.                                §<br>                                   §<br>OXY SERVICES, INC. and §<br>OCCIDENTAL PETROLEUM CORP., §<br>        Defendants.   § | CIVIL ACTION NO. H-05-1661 |

## ORDER GRANTING ATTORNEYS' FEES

Defendants Oxy Services, Inc. and Occidental Petroleum Corporation have filed a Fee Petition [Doc. # 32] requesting approximately $30,000 in attorneys' fees and expenses to be paid from the $252,647.47 Defendants interpleaded in the Court's Registry pending determination of competing claims filed by Plaintiff Beverly Ann Duncan and Intervenor Tamara Duncan. Intervenor objects [Doc. # 40] to Defendants' Fee Petition on the grounds that it is untimely and, alternatively, that the fees and costs requested were unnecessary, inequitable and unfair. Intervenor requests further that if the Court assesses any fees, they should be assessed solely against Plaintiff. Plaintiff has not responded to the Fee Petition.

P \ORDERS\11-2005\1661attysfees.wpd   051227 0954

The Court carefully has considered Defendants' Fee Petition, supporting affidavits and other data and exhibits, Intervenor's objection, Defendants' reply to that objection [Doc. # 42], as well as all other matters of record in this case. The Court finds that many of the hours expended fees were warranted and an award of $20,000 is appropriate. This sum will be deducted from the interpleaded funds. Taxable costs shall be paid by Plaintiff. All other costs and expenses shall be borne by the party incurring same.

Intervenor first objects that the Fee Petition was untimely. This objection is rejected as entirely unfounded. The Court's Order directing the filing of the Fee Petition (the "Order") was entered on the docket of this case on September 27, 2005 [Doc. # 27].[1] Defendant's Fee Petition was filed timely on October 11, 2005, fourteen days from the entry of the Order, as directed.

The Court turns to the Fee Petition and Intervenor's more substantive objections. "A district court has the authority to award reasonable attorney's fees in interpleader actions." *Rhodes v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999) (citing *Corrigan Dispatch Company v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir. 1983)). "The award of attorney's fees is in the discretion of the district court, and

---

[1] The Court signed the Order on September 21, 2005, but it was not docketed for six days, until September 27. This type of delay is the reason that the Court measures time for actions by parties from "entry" of orders on the official docket, not from the date an order is signed.

fees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *Id.* (citing *Phillips Petroleum Company v. Hazlewood*, 534 F.2d 61, 63 (5th Cir. 1976)). Defendants are pure stakeholders in this case. Although Defendants were sued by Plaintiff, Defendants did not take sides for or against her in the dispute with Intervenor.[2] Defendants simply sought to provide the appropriate forum for resolution of the competing claims for the ERISA plan benefits in issue. Defendants thus are entitled to reasonable and necessary attorneys' fees.

Typically, attorneys' fee requests in the Fifth Circuit are governed by a "lodestar" analysis whereby the party seeking fees must show the "reasonableness" and necessity of (1) the number of hours expended to adjudicate the dispute, and (2) the proponent's hourly rate. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *accord Heidtman v. County of El Paso,* 171 F.3d 1038, 1043 (5th Cir. 1999). Once the court identifies the lodestar figure, it then must set the award based on further analysis of the factors set out *Johnson v. Georgia Highway Express, Inc.*,

---

[2] *See, e.g.,* Defendant OXY INC.'s Unopposed Motion for Leave to File Counterclaim for Interpleader [Doc. # 16]; Defendant OXY INC.'s Counterclaim for Interpleader [Doc. # 17]; Motion for Summary Judgment [Doc. # 24] filed by Tamara Duncan; Response to Motion for Summary Judgment [Doc. # 28] filed by Beverly Ann Duncan.

488 F.2d 714 (5th Cir. 1974).[3] After making the lodestar calculation, the district court may decrease or enhance the lodestar figure based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Heidtman*, 171 F.3d at 1043 (citing *Shipes v. Trinity Industries*, 987 F.2d 311, 319-20 (5th Cir. 1993)). The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. *Id.* Such reconsideration is impermissible double-counting. *Id.*

More hours were necessary and reasonable in this interpleader case than the typical interpleader litigation. Many of the issues raised by Plaintiff and Intervenor,

---

[3] The *Johnson* factors are:

1. The time and labor required;
2. The novelty and difficulty of the questions presented;
3. The skill requisite to properly perform the legal services;
4. Preclusion of other employment by the attorney due to acceptance of the case;
5. The customary fee;
6. Whether the fee is fixed or contingent;
7. Time limitations imposed by the client;
8. The amount involved and the results obtained;
9. The expertise, reputation and ability of attorneys;
10. The undesirability of the case;
11. The nature and length of the professional relationship with the client;
12. Awards in similar cases.

*Id.* at 717-19.

which Defendants had to address, were unfounded. By way of example, Plaintiff objected to this Court's jurisdiction and sought remand of this case to state court. After receiving Defendants' opposition to the remand motion and some negotiation, Plaintiff withdrew her motion. Plaintiff for some unknown reason insisted on responses from Defendants to broad requests for discovery. Plaintiff did not cooperate in drafting the interpleader order. Plaintiff failed to take the lead, as appropriate, in preparing the draft scheduling order for the initial pretrial conference, leaving the task to Defendants' counsel. It was Defendants that brought Intervenor into this litigation. For some time, Intervenor inexplicably refused to agree to interpleading the contested funds.[4] Defendants thus needed to address numerous issues that do not typically arise in an interpleader action. Defendants' pleadings substantially assisted the Court and were informative, well-reasoned, and concise. The authorities cited were apt.

The Court notes, however, that there appears to have been an enormous number of communications between defense counsel and their clients. The hours expended drafting certain relatively straightforward pleadings, such as the proposed interpleader order, appear to exceed the norm. Also, most of the issues were not

---

[4]   Defendants also addressed issues involving a life insurance policy provided by or through Defendants to the decedent.

novel or particularly difficult and, for the most part, did not require highly skilled counsel. While the rates charged by counsel and their legal assistant are not unreasonable for persons of comparable skill in the Houston legal community, there is an issue as to whether so much of the work had to be performed by such senior attorneys.

In a different vein, reimbursement for a portion of the legal research hours appears unreasonable because that portion of the research appears to have been associated with basic administration of the ERISA plan, not with issues raised by the competing claimants in this litigation, *i.e.*, which of decedent Duncan's two putative wives was entitled to the ERISA benefits. The Court cannot ignore that an ERISA plan administrator has a contractual duty to attempt to resolve core issues raised in the course of plan administration, which issues include taxability of benefits, alternative financial vehicles by which to transfer benefits to beneficiaries, and preliminary analysis of competing claims interposed by heirs or relatives of plan participants. Finally, the Court is unpersuaded that Defendants are entitled to recover attorneys' fees for time spent preparing a fee application. Thus, Defendants must bear some portion of the burden of the legal costs.

Under all the facts and circumstances presented, the Court concludes that Defendants are entitled to recover $20,000 in attorneys' fees and the fees should be

paid from the interpleaded funds.[5] The Court recognizes that this result may pose an arguable inequity to the extent Intervenor, who is entitled to the plan benefits, will have to bear the burden of this fee award when it was not her conduct that caused many of the hours and fees incurred. Nevertheless, to prevail, Intervenor needed the Court's determination regarding the proper distribution of funds and the Court could not do so until the case was in the appropriate posture.

Because Plaintiff initiated this action and did not prevail on any issues, Plaintiff shall bear the taxable costs of this suit, which shall be determined in accordance with 28 U.S.C. § 1920. All other costs shall be borne by the party incurring same. It is therefore

**ORDERED** that Defendants' Fee Petition is **GRANTED** in part. It is further

**ORDERED** that Defendants are **AWARDED** $20,000 in attorneys' fees which shall be paid from the monies in the Court's Registry for this case. It is further

**ORDERED** that Plaintiff shall pay the taxable costs of court in this case. All other expenses shall be borne by the party incurring same. It is further

**ORDERED** that, after the $20,000 in attorneys' fees has been paid to Defendants, all remaining interpleaded principal and interest shall be disbursed for

---

[5] The Court has considered all other *Johnson* lodestar factor; the record does not contain probative information on the remaining factors and they do not affect the fee determination.

the benefit of Intervenor Tamara Duncan by check payable to Pershing, L.L.C., 11140 Rockville Pike, 4th Floor, Rockville, MD 20852-3144. The check shall be delivered to Tammy Manning, 802 W. Alabama, Houston, Texas, 77006, counsel for Intervenor.

SIGNED at Houston, Texas, this 27th day of December, 2005.

Nancy F. Atlas
United States District Judge



P:\ORDERS\11-2005\1661attysfees.wpd  051227 1000

8