# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BEVERLY ANN DUNCAN, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1661 |
| | § | |
| OXY SERVICES, INC. and | § | |
| OCCIDENTAL PETROLEUM CORP., | § | |
|    Defendants. | § | |

## **MEMORANDUM AND ORDER**

This Employee Retirement Income Security Act ("ERISA") case involves a dispute between two women who each claim to be the surviving spouse of Roland Duncan, a participant in an ERISA plan through Occidental Petroleum Corporation. The Court, in a Memorandum and Order [Doc. # 30] entered October 11, 2005 ("October 2005 Decision"), granted summary judgment in favor of Tamara Duncan.

On October 24, 2005, Plaintiff Beverly Ann Duncan filed a Motion for New Trial on a number of grounds, including allegedly "newly discovered evidence" consisting of a 1988 Decree of Divorce involving Donna Cypert and a "Uniform Interstate Family Support Act Petition" – including a Paternity Affidavit – filed by Tamara Duncan in 1995. In a Memorandum and Order [Doc. # 44] entered December 2, 2005 ("December 2005 Opinion"), the Court denied the Motion for New Trial

because the record reflected that the "newly discovered evidence" had been in Plaintiff's possession since the voluntary disclosure of documents much earlier in the case. The Court also noted that consideration of the Uniform Interstate Family Support Act Petition would not alter the Court's summary judgment ruling.

The case is now before the Court on Plaintiff's Motion for Relief From Judgment [Doc. # 47] seeking reconsideration of the Court's December 2005 Opinion[1] and attaching the same "newly discovered evidence" submitted in support of the Motion for New Trial filed in 2005. Also attached to the current motion is the "Affidavit in Support of Marriage" ("Affidavit"), signed by Tamara Duncan on November 7, 2005, and attached as Exhibit A to her Response to the 2005 Motion for New Trial.

Plaintiff argues that she is entitled to relief from judgment under Rule 60(b)(2) of the Federal Rules of Civil Procedure based on newly discovered evidence. "Under Rule 60(b)(2), '[t]o succeed on a motion for relief from judgment based on newly discovered evidence, [Fifth Circuit] law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present

---

[1] To the extent the Motion for Relief From Judgment purports to seek relief from the Court's October 2005 Decision granting summary judgment in favor of Tamara Duncan, the Motion is denied as untimely. *See* Fed. R. Civ. P. 60(b) (motion seeking relief pursuant to 60(b)(2) and 60(b)(3) must be filed "not more than one year after the judgment . . . was entered or taken").

before the original judgment.'" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)). The Affidavit is not "newly discovered evidence" because it was in the record when Tamara Duncan filed her Response on November 7, 2005. Plaintiff could and should have asserted any challenge to the Affidavit in a Reply prior to the Court's ruling almost a month later.[2]

Plaintiff also claims that she is entitled to relief from judgment pursuant to Rule 60(b)(3) because the Affidavit is inconsistent with the Paternity Affidavit submitted by Tamara Duncan in connection with her Uniform Interstate Family Support Act Petition. In the Affidavit, Tamara Duncan stated that she "cohabited with Roland K. Duncan from approximately 1980 until early 1990." *See* Affidavit, Exh. 2 to Motion; Exh. A to Response to Motion for New Trial. In the Paternity Affidavit, Tamara Duncan stated that she and Roland Duncan lived together from March 1978 until September 1985. *See* Paternity Affidavit, Exh. 6 to Motion; Exh. 4 to Motion for New Trial. "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in

---

[2] Plaintiff states in her Motion for Relief From Judgment that she did not have the documents reflecting Roland Duncan's marriage to Donna Cypert when she filed her Response to Tamara Duncan's Motion for Summary Judgment. This could have been brought to the Court's attention in a reply, but none was filed. Moreover, for purposes of the pending motion, it is clear that Beverly Ann Duncan had the documents regarding Donna Cypert and the Paternity Affidavit prior to the Court's ruling on the Motion for New Trial because these documents were attached as exhibits to the motion.

fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling*, 396 F.3d at 641. "The moving party has the burden of proving the misconduct by clear and convincing evidence." *Id.* In this case, no conduct by Tamara Duncan prevented Plaintiff from fully and fairly presenting her case. Any inconsistencies between the affidavit filed with the Uniform Interstate Family Support Act Petition and the Affidavit signed in November 2005 could and should have been raised in a reply before the Court ruled in December 2005. Any failure by Plaintiff to present her arguments fully prior to the Court's ruling in December 2005 were not Tamara Duncan's fault and cannot provide the basis for Rule 60(b)(3) relief.

Additionally, the purported inconsistencies identified by Plaintiff do not establish fraud by clear and convincing evidence. Although Tamara Duncan states in the Paternity Affidavit that she and Roland Duncan lived together until September 1985 and in the Affidavit she states that they cohabited until early 1990, in the Affidavit she explains that between their marriage in 1984 and early 1990, they "lived together *off and on* as husband and wife." *See* Affidavit, Exh. 2 to Motion; Exh. A to Response to Motion for New Trial. Having failed to establish fraud by clear and convincing evidence, Plaintiff is not entitled to Rule 60(b)(3) relief.

P:\ORDERS\11-2005\1661MR2.wpd   070104.1237

4

## III.  CONCLUSION AND ORDER

Plaintiff has failed to present a basis for Rule 60(b)(2) or Rule 60(b)(3) relief from judgment.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Relief From Judgment [Doc. # 47] is **DENIED**.

SIGNED at Houston, Texas, this **4th** day of **January, 2007.**

_____
Nancy F. Atlas
United States District Judge